UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY C. NIEHART, | ) | CASE NO. 1:12CV1252 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| CAROLYN W. COLVIN, | ) | Report and Recommendation |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the motion for payment of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") filed on behalf of Plaintiff, Jeremy C. Niehart on April 26, 2013.  ECF Dkt. #19.  On May 9, 2013, Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("SSA"), filed a response brief, asserting that Plaintiff's attorney fee request exceeds the statutory ceiling of $125 per hour without any of the requisite proof showing the requested rate is justified.  ECF Dkt. #21.  On May 20, 2013, Plaintiff filed a reply brief.  ECF Dkt. #22.  For the following reasons, the undersigned recommends that the Court GRANTS Plaintiff's application for fees in the amount of $4,557.00.  ECF Dkt. #19.

**I.      LAW AND ANALYSIS**

   **A.      EAJA**

      On April 12, 2013, the Court reversed the judgment in favor of Defendant and remanded Plaintiff's case to the Administrative Law Judge ("ALJ").  ECF Dkt. #18.  The EAJA provides that

a plaintiff shall be awarded attorney fees when he is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award.  28 U.S.C. § 2412(d)(1).  The district court has discretion in determining the amount of a fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

### 1.    PREVAILING PARTY

Defendant does not dispute that Plaintiff is a prevailing party.

### 2.    SUBSTANTIALLY JUSTIFIED

Defendant does not contend that his position was substantially justified.

### 3.    NO SPECIAL CIRCUMSTANCES

The Court finds that this case does not involve any special circumstances that would make an award of fees unjust.  Accordingly, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B.    REASONABLENESS OF FEES AND COSTS

### 1.    ATTORNEY FEES AND HOURLY RATE INCREASE

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable.  *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161, 100 S.Ct. 2316, 110 L.Ed.2d 134. (1990).  The EAJA permits an award only of reasonable attorney fees.  *See* 28 U.S.C. §2412(d)(2)(A).  Absent extraordinary circumstances, the average number of hours for an attorney to work on a routine Social Security case ranges from thirty to forty.  *Hayes v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 420 (6th Cir.1990).  Although the EAJA limits attorneys fees to the litigation process, 28 U.S.C. §2413(a)(1), this includes the EAJA application

process.  *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id*., quoting 28 U.S.C. § 2412(d)(2)(A)(ii).  The burden lies with the fee applicant to establish the entitlement to an award of fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In this case, Plaintiff requests attorney fees at an hourly rate of $186.00 for 24.5 hours expended during the pendency of this appeal. Defendant does not challenge the number of hours spent working on the case, but challenges the attorney hourly rates as excessive.

The EAJA provides a presumptive statutory cap of $125.00 per hour on the hourly billing rates that a claimant may recover for attorney fees "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  A prevailing party who requests an increase above the statutory cap "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec*., 578 F.3d 443, 450 (6th Cir. 2009).  Thus, plaintiff "must produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*., quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ).

Defendant asserts that Plaintiff has failed to provide adequate support for an increase in the attorney hourly rate with his motion for attorney fees.  Defendant correctly argues that judges in this District have disagreed about the quantity of evidence that must be shown in order to justify an increase in EAJA attorney fees above the statutory cap of $125 per hour.  *See De Nunez v. Comm'r of Soc. Sec.*, No. 1:11CV2285, 2013 WL 60429 (N.D. Ohio Jan. 3, 2013)(evidence consisting of counsels' resumes, CPI for legal services and National Law Journal and ALJ Legal Intelligence report entitled *The Survey of Law Office Economics*, 2011 Edition, insufficient to warrant increase in hourly rate); *but see Cogar v. Astrue*, No. 5:11CV1585 (N.D. Ohio Nov. 13, 2012)(Midwest Urban CPI and Ohio State Bar Association report entitled *The Economics of Law Practice in Ohio*, Desktop Reference for 2010 sufficient evidence to warrant increase in hourly rate); *see also Rodriguez v. Comm'r of Soc. Sec.,* No. 3:11CV398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012)(sufficient evidence presented to warrant increase in hourly rate where motion for attorney fees included counsels' resumes, the CPI, *The Economics of Law Practice in Ohio*, Desktop Reference for 2010, and *The Survey of Law Office Economics*, 2011 Edition); *Vasquez v. Astrue*, No. 3:11CV177, 2012 WL 3637676, at *3 (N.D. Ohio Aug. 22, 2012)(increase in statutory hourly rate warranted based upon evidence submitted of *The Survey of Law Economics*, 2011 Edition and the CPI); *see also Jaworski v. Astrue*, No. 1:10CV2936, 2012 WL 355263, at *3 (N.D. Ohio Aug. 16, 2012)(attorney rate of  $176.95 per hour reasonable and appropriate based upon evidence provided of *The Survey of Law Office Economics*, 2011 Edition and *The Economics of Law Practice in Ohio*).

In *Hawk v. Astrue*, 2013 WL 139799 (N.D.Ohio), the undersigned had occasion to consider the evidence necessary to justify an increase in the EAJA hourly rate for attorneys.  In light of the

-4-

holdings by colleagues in this District, the undersigned held in *Hawk* that an hourly rate increase for attorney fees for 2011 and 2012 was justified when counsel provided the CPI, *The Economics of Law Practice in Ohio*, attorney affidavits outlining experience in the field, itemized statements of work performed, calculations of the hourly rate increases for 2011 and 2012 based upon the CPI, and the affidavit of another experienced attorney in the practice of social security law as to her hourly rate. The undersigned found that this was "satisfactory evidence – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* citing *Bryant*, 578 F.3d at 450, quoting *Blum*, 465 U.S. at 895 n. 11.

In the instant case, Plaintiff attached the fee agreement, itemized statements of services provided by counsel through an affidavit of counsel, and the affidavit of another experienced Social Security practitioner. This Court accepts the evidence and finds that it adequately supports an increase in the hourly rate for attorney fees.

Accordingly, the undersigned finds that an increase in the hourly rate for attorney fees in this case is justified. The question now becomes whether $186.00 per hour for 2012 as requested by Plaintiff, is the prevailing hourly rate for attorney fees in this locality. Plaintiff calculates this rate based upon the CPI - Urban ("CPI-U"), taking the March 2013 rate of 232.7 and dividing that by 155.7, the CPI-U from March of 1996, which was the time that the EAJA statutory rate cap was set, which multiplied by the EAJA cap of $125.00 yields an hourly rate of $186.81. *Id.*

The undersigned notes that Federal courts in Ohio have used both of the CPIs cited by the parties in calculating the cost of living increase in hourly attorney fee rates. See *Killings v. Comm'r of Soc. Sec. Admin.*, No. 1:09CV845, 2009 WL 3614956, at *2 (N.D. Oct. 28, 2009), unpublished (citing cases). This Court has discretion in determining the hourly rate. *Begley v.*

-5-

*Sec'y of Health & Human Servs*., 966 F.2d 196, 199 (6ᵗʰ Cir. 1992).

## II.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court GRANT Plaintiff's application for the award of attorney fees pursuant to the EAJA and AWARD Plaintiff a total amount of $4,557.00, which represents a fee of $186.00 for 24.5 hours expended during the pendency of this case.

The Court notes that Defendant has previously challenged the payment of EAJA attorney fees directly to counsel in some cases pursuant to *Astrue v. Ratliff*, __U.S.__,  130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010) and has agreed to direct payment of these fees in other cases.  In this case, the undersigned recommends that the Court order Defendant to follow the same procedure that she has followed in other cases, which is to determine whether Plaintiff owes a preexisting debt and offset that debt within thirty days from the date of the Court's Order and thereafter directly pay to Plaintiff's attorney the balance to be credited toward attorney fees.

IT IS SO ORDERED.

Date: June 6, 2013                  */s/George J. Limbert*
                                    GEORGE J. LIMBERT
                                    UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6ᵗʰ Cir. 1981).