UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY C. NIEHART, | ) | CASE NO.1:12CV1252 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | |
| COMMISSIONER OF SOCIAL | ) | ORDER |
| SECURITY, | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motion for Payment of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). (ECF #19). The Motion was referred to Magistrate Judge George J. Limbert for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on June 6, 2013, recommending that the Plaintiff be awarded attorney fees. Defendant filed an Objection to the Magistrate Judge's Report and Recommendation on July 3, 2013. For the following reasons, the Court adopts the Report and Recommendation, and awards Plaintiff attorney fees in the amount of $4,557.00.

1

## **LAW AND ANALYSIS**

On April 12, 2013, the Court reversed the judgment in favor of Defendant and remanded Plaintiff's case to the Administrative Law Judge ("ALJ").  The EAJA provides that a plaintiff shall be awarded attorney fees when he is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1).  The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

Plaintiff's Motion requests payment of fees for 24.5 hours at a rate of $186.00 per hour.  In the Report and Recommendation, the Magistrate Judge determined that the number of hours spent working on the case was reasonable.  Defendant does not challenge the number of hours but challenges the hourly rate.  Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).  Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.*, quoting 28 U.S.C. § 2412(d)(2)(A)(ii).  The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Defendant contends that Plaintiff did not provide sufficient support for the increase in the hourly rate.  A prevailing party who requests an increase above the

statutory cap "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Thus, plaintiff "must produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*, quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ).

The Magistrate Judge points out that judges in this District have disagreed about the quantity of evidence that must be shown in order to justify an increase in EAJA attorney fees above the statutory cap of $125 per hour.  In the Report and Recommendation, the Magistrate Judge points to several cases decided both ways: insufficient evidence to support an increase, and sufficient evidence to support an increase.

In *Hawk v. Astrue*, 2013 WL 139799 (N.D.Ohio), the Magistrate Judge had occasion to consider the evidence necessary to justify an increase in the EAJA hourly rate for attorneys. The Court agrees with the Magistrate Judge's determination that an hourly rate increase for attorney fees for 2011 and 2012 was justified when counsel provided the Consumer Price Index ("CPI"), The Economics of Law Practice in Ohio, attorney affidavits outlining experience in the field, itemized statements of work performed, calculations of the hourly rate increases for 2011 and 2012 based upon the CPI, and the affidavit of another experienced attorney in the practice of social security law as to her hourly rate.

In this case, Plaintiff attached the fee agreement, itemized statements of services

provided by counsel through an affidavit of counsel, and the affidavit of another experienced Social Security practitioner. The Court agrees with the Magistrate Judge that the evidence adequately supports an increase in the hourly rate for attorney fees. Plaintiff calculated the rate of $186.00 per hour based upon the CPI - Urban ("CPI-U"), taking the March 2013 rate of 232.7 and dividing that by 155.7, the CPI-U from March of 1996, which was the time that the EAJA statutory rate cap was set, which multiplied by the EAJA cap of $125.00 yields an hourly rate of $186.81.

## **CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's application for the award of attorney fees pursuant to the EAJA, and awards Plaintiff $4,557.00, which represents a fee of $186.00 for 24.5 hours expended during the pendency of this case.

Further, the Court finds that the award of attorney fees satisfies all of Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412. The fees paid belong to Plaintiff and not his attorney and can be offset to satisfy pre-existing debt that the litigant may owe the United States under *Astrue v. Ratliff*, 560 U.S. __, 130 S.Ct. 2521 (2010). After entry of this EAJA award, if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, the Commissioner shall direct payment to Plaintiff's attorney pursuant to the fee assignment duly signed by Plaintiff and counsel.

IT IS SO ORDERED.

Date: 7/12/2013
 s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge